Case 2:15-cv-00382 Document 81 Filed on 10/11/17 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JERRY BUTLER SMITH JR, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> TDCJ PAROLE BOARD, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:15-CV-382 |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY PLAINTIFF'S MOTION TO REOPEN CASE**

This civil rights action was filed by Jerry Butler Smith, Jr., a former Texas state prisoner, pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Reopen Case. (D.E. 80). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied.

**I.  BACKGROUND.**

On September 3, 2015, Plaintiff filed a civil rights action while he was an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and confined at the Glossbrenner Unit in San Diego, Texas. (D.E. 1). The Glossbrenner Unit is a Substance Abuse Felony Punishment Facility (SAFPF).

In the original complaint, Plaintiff named as defendants the TDCJ Parole Board and the Gateway Foundation (Gateway).[1] Plaintiff subsequently filed supplements to his complaint (D.E. 17, 18) and appeared before the undersigned for a *Spears hearing* on

---

[1] The Gateway Foundation is a private company that contracts with the TDCJ to provide substance abuse treatment services. *See* https://gatewaycorrections.org/locations/texas/.

October 19, 2015.  Plaintiff was granted leave at the *Spears* hearing to add additional defendants.

Plaintiff generally objected to the decision by the TDCJ Parole Board to place Plaintiff in a SAFPF, arguing that its techniques did not work and were an attempt at mind control.  Plaintiff further claimed that Gateway had violated his Eighth Amendment right to be free from cruel and unusual punishment by instigating policies and procedures that placed his life in danger.  In addition, Plaintiff asserted constitutional claims against other named defendants.  On November 5, 2015, the undersigned issued an Opinion and Order which, among other things, dismissed Plaintiff's claim against the TDCJ Parole Board with prejudice for failure to state a constitutional violation and retained Plaintiff's Eighth Amendment failure to protect claim against Gateway.  (D.E. 37, pp. 6-9, 12).

Plaintiff filed a notice of change of address in *Smith I*, reflecting that he had been released from TDCJ custody on January 22, 2016 and was living at the Salvation Army facility in Dallas, Texas.  (D.E. 54).  However, Plaintiff moved to another address but failed to file a follow-up notice of change of address with the Court.  Accordingly, on June 17, 2016, District Judge Nelva Gonzales Ramos dismissed Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to advise the Court of his new mailing address, his failure to file a response to the defendants' motion to compel, and his failure to comply with a show cause order.  (D.E. 77).  Final judgment in this case also was entered on June 17, 2016.  (D.E. 76).

Plaintiff subsequently filed a second civil rights action in which he asserted similar claims against the TDCJ Parole Board and Gateway. (*See Smith v. TDCJ Parole Board, et al.*, No. 2:16-CV-478 (S.D. Tex. 2016) ("*Smith II*"), D.E. 25). On September 13, 2017, the undersigned issued a Memorandum and Recommendation, which recommended dismissing Plaintiff's claim against the TDCJ Parole Board and retaining his Eighth Amendment claim against Gateway. (D.E. 26).

## II. DISCUSSION.

On September 20, 2017, the Court received a pleading from Plaintiff which was docketed in this case as a Motion to Reopen Case.[2] (D.E. 80). Plaintiff seeks relief from the final judgment entered in this case on the basis that: (1) Plaintiff suffered an accident on March 21, 2016, while he was housed at the Salvation Army facility; (2) Plaintiff was subsequently moved to Parkland Hospital for eight days; (3) the TDCJ then moved to revoke Plaintiff's parole following Plaintiff's accident; and (4) on March 30, 2016, Plaintiff mailed this Court a notice of change of address. (D.E. 80, p. 2).

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

---

[2] Because Plaintiff referenced *Smith II's* case number in the caption of his pleading, the Court also docketed the pleading as Notice of Appeal in *Smith II*. (*Smith II*, D.E. 28).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

Plaintiff provides nothing in his motion to suggest an entitlement to relief under any of the Rule 60(b) provisions. He attaches no evidence to his motion to support his contention that he, in fact, filed a notice of change of address with the Court in the spring of 2016. Rather, it is apparent that Plaintiff abandoned this case upon his release from the Salvation Army facility. Furthermore, the Court dismissed this action without prejudice, and Plaintiff has in the meantime filed *Smith II* in which he raises many of the same claims against the TDCJ Parole Board and Gateway. It is, therefore, unnecessary to reopen this action.

## III. RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion to Reopen Case, construed as a Rule 60(b) motion for relief from judgment (D.E. 80) be DENIED.

Respectfully submitted this 11th day of October, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).